## MARTIN MUSEL v. JOHN KOMAREK.
### No. 219.

1. STATUTE OF FRAUDS—*Parol Lease Exceeding One Year.* The evidence complained of set forth: *Held*, That its introduction was not error.
2. —————— *Lasting Improvements by Tenant.* The special findings complained of set forth: *Held*, That the overruling of plaintiff's motion for judgment thereon was not error.

Error from Barton district court; ANSEL R. CLARK, judge. Opinion filed August 19, 1898. Affirmed.

*G. W. Nimocks,* and *Elrick C. Cole,* for plaintiff in error.
*E. L. Hotchkiss,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This was an action for the forcible detention of real property. Plaintiff in error con-

tends that Komarek was tenant from year to year. Defendant in error contends that he was in possession of the premises under a parol lease for a term of five years, and that under said lease he had made such valuable and lasting improvements as took the lease out of the statute of frauds. The plaintiff below brings the case here for review.

. In the first, second and third assignments of error it is contended that the court erred in admitting evidence offered by the defendant, and in excluding evidence offered by the plaintiff, and in overruling the demurrer to the evidence of the defendant below.

. There was no written lease. The defendant claims under a verbal lease for five years, and an agreement to make certain valuable and lasting improvements, which agreement, he claims, had been fulfilled.

The objectionable testimony offered by the defendant relates to the condition of the premises at the time the defendant entered into this agreement.

This evidence, as appears from the statement of counsel, was offered to be introduced for a wrong purpose, but the court permitted the condition of the farm to be shown, not for the purpose of taking the case out of the statute of frauds, but to throw light upon the contract; the testimony was carefully guarded by the court and no conclusions permitted to be stated. Several witnesses testified as to the condition of the farm. We give the direct examination of one, together with the counsel's statement, which will answer for all :

"Ques. What condition was that land in, in the fall of '90?"

(Plaintiff objects, as being incompetent, irrelevant, and immaterial to any issues to be tried in this case.)

"Mr. Hotchkiss: We want to show such a state of circumstances existing here that a man would n't go

Musel v. Komarek.

on a farm in this condition for a term of one year; that he couldn't go on and make anything for one year and break and clear it up. We have several witnesses on that point."

"Court: Objections overruled, plaintiff saving exceptions."

"Q. Tell what condition the land was in. Just tell what was on the land. A. Well, the land was in pretty bad condition."

(Plaintiff moves to strike out the answer.)

"Court: Motion sustained; tell what was there."

"A. Big weeds on it, and some patches — I don't know if they were big or not — of grass in the middle of the field.

"Q. Tell the jury, if you know, what kind of weeds were on it. A. Some sunflowers; pretty big, pretty high.

"Q. How high? A. Some of them eight or nine feet, maybe ten feet.

"Q. How thick were they? A. They were about, on the bottom, two or three inches thick.

"Q. I mean how thick on the ground? A. Pretty thick."

This class of testimony was objected to as being incompetent, irrelevant, and immaterial to any issue to be tried in the case. We cannot agree with counsel in this contention. Komarek claimed that by the terms of the contract he was "to break out all the patches, clean out the sunflowers, and keep it clean." The admission of the evidence was not error, for the reason stated by the trial court.

Another question presented is: Did the court err in overruling the motion of plaintiff for judgment on the special findings? Some of them are the following:

"11. What acts did the defendant do that constituted an interest in the land in question in this case? State fully. A. He performed labor on building house and stable, dug cellar, planted trees, repaired fence, built corral."

They also found :

" 7. Did the plaintiff pay for the material and work in putting up the new dwelling-house on said land except the work of defendant and his sons? A. Yes.

"8. Did plaintiff agree that in consideration of the work of defendant and his sons on the new dwelling-house he would build them a stable. A. Yes.

" 9. Did plaintiff furnish the material and build the stable as he agreed? A. Yes.

" 10. Did plaintiff pay for all material for putting improvements on said land except the cow shed, hen-house, and small smoke-house moved on the land by defendant ? A. Yes, except lumber for partition in granary."

It is contended that the answers to questions 7, 8, 9 and 10 eliminate from question 11 the work on house, stable, and cellar, for the reason that these buildings were constructed under a separate agreement between the parties. If the contention of plaintiff is true, the building of the corral, the repairing of the fence and the planting of the trees are the only lasting improvements under the contract.

We cannot consent to this conclusion. While there were talks at different times about the improvements and agreements made, the conversations indicate that the moving power that prompted the defendant to do the work was that he was to have the place, live in the house and enjoy the use of the land during the lease. The answer to question 11 is sustained by the testimony and in harmony with the general verdict, and, the testimony considered, is not limited by the further findings of the jury.

The instructions given were correct and state the law applicable to the issues and the facts ; the parties have had a fair trial ; the evidence is slight but sufficient. We see no good reason for a reversal of the case.

The judgment of the district court is affirmed.